JOHN M. MATCHESKI *v.* GERALD GUTKIN

SUPERIOR COURT        NEW HAVEN COUNTY        FILE NO. 75163

Memorandum filed January 15, 1954.

*Andrew F. Pulaski,* of Meriden, *Frank E. Dully,* of Hartford, and *Charles G. Albom,* of New Haven, for the plaintiff.

*Louis Feinmark,* of New Haven, for the defendant.

MURPHY, J. The plaintiff was a member of the Meriden police department on June 1, 1950, doing traffic duty at a school intersection when, by radio, he was directed to proceed to the west end of the city in answer to a fire call. It was about 8:45 a.m. In a police cruiser, he proceeded west on Liberty Street and was in collision in the intersection of Broad Street with a truck operated in a northerly direction on Broad Street by the defendant Gutkin. He has sued to recover for personal injuries. A special defense of contributory negligence has been interposed by Gutkin and his employer, Podell, Inc., the owner of the truck. In addition, Podell, Inc., has filed a cross complaint seeking recovery for damage to the truck.

Broad Street was a heavily traveled thoroughfare. It is part of route 5, a main artery between New Haven and Hartford. Trucks use it extensively. Traffic at the intersection was governed by an overhead traffic light. A large house on the southeast corner is set fairly close to the sidewalk, obstructing the view from one street into the other. At the time of the collision, a large tractor with trailer was parked on the east side of Broad Street, facing north, with its front end close to the intersection. This also obstructed the vision of north and westbound autoists.

As the plaintiff drove west on Liberty Street the siren and red flashing light on the police cruiser were in operation. As he started down the hill some distance east of Broad Street, the traffic light was green for east- and westbound traffic. Southbound traffic on Broad Street was halted at the traffic light.

The house on the northeast corner was set back 50 to 60 feet so that the plaintiff had an unobstructed view of Broad Street for about 100 feet north of Liberty Street when he was 150 feet east of Broad Street. Because of the house and parked tractor-trailer on the southeast corner he could not see northbound traffic until he was close to the east crosswalk.

Gutkin had stopped his truck on a red light at the monument one block south of Liberty Street. As he traversed that block, he drove slowly because the light at Liberty Street was red against him. His truck was a three-and-a-half-ton refrigerated vehicle carrying dairy products. As it had been raining, the windows in the cab were closed. The pavement on both streets was wet and slippery. As Gutkin approached Liberty Street, the traffic light for north-bound traffic changed from red to green when he was about 100 feet away. He accelerated his motor, picked up speed and entered the intersection at about fifteen miles per hour. He then noticed the plaintiff coming down the hill to his right.

Before the light controlling westbound traffic turned from green to amber and then to red, the plaintiff was operating at a speed of about thirty miles per hour and slackened his speed to between ten and twenty miles per hour as he came to the intersection. He, however, did not look to his left to observe northbound traffic until he was six to eight feet east of the intersection. He did not see the parked tractor-trailer until after the collision. The defendant was within the intersection when the plaintiff first saw him. Despite the efforts of Gutkin to swerve to the left and the plaintiff to swing to the right, the vehicles collided north of the center line of Liberty Street. The plaintiff skidded into the truck. The defendant did not hear the plaintiff's siren.

The plaintiff was operating a police car equipped with and sounding a loud, distinctive warning from the siren. He was answering an emergency call and therefore had the right of way. General Statutes § 2424. The fact that he had the right of way did not excuse him from operating his car with reasonable care. Because of the hindrance to his view of northbound traffic, his failure to slow down to a greater extent, his failure to look to his left until he was practically at the intersection and his speed, in° view of the condition of the pavement, he was not operating with proper circumspection. He was negligent in not keeping a proper lookout, in operating at a greater rate of speed than was reasonable and proper and in not having his automobile under proper control. Despite the statute which gave him the right of way, he is not entitled to recover. *Leete v. Griswold Post,* 114 Conn. 400, 407; see 26 Conn. B.J. 156, 166.

The defendant was negligent in violating the statute giving plaintiff the right of way. His failure to hear the siren does not excuse him.

Judgment for the defendants on the complaint and for the plaintiff on the cross complaint.